Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LAURA JOHANNA COLÓN NEGRÓN<br><br>RECURRIDA<br><br>V.<br><br>MARTÍN GUILLERMO GONZÁLEZ VÉLEZ<br><br>PETICIONARIO | TA2025CE00719 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: PO2022RF00460<br><br>Sobre: DIVORCIO – RUPTURA IRREPARABLE |

Panel integrado por su presidenta, la juez Ortiz Flores, la juez Brignoni Mártir y el juez Candelaria Rosa

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de noviembre de 2025.

Comparece ante nos, el señor Martín Guillermo González Vélez (en adelante, "el peticionario"), a los fines de solicitar nuestra intervención para que dejemos sin efecto la *"Resolución Interlocutoria"* emitida el 2 de octubre de 2025 y notificada el 6 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante esta, el foro primario, entre otras cosas, declaró *No Ha Lugar* la "*Moción en Cumplimiento de Orden y Solicitando se emitan Órdenes,"* presentada por el peticionario. Todo, dentro de un pleito civil sobre materia de Familia, incoado en su inicio por la señora Laura Johanna Colón Negrón (en lo sucesivo, "la recurrida").

Por los fundamentos que expondremos a continuación, *denegamos* la *expedición* del recurso de *certiorari* presentado y declaramos *No Ha Lugar* la "*Moción en Auxilio de Jurisdicción."*

El presente caso cuenta con un tracto procesal extenso, por lo cual el trámite procesal que se expondrá a continuación se limitará a contener los hechos atinentes al asunto que hoy está en controversia.

**I.**

El asunto ante nos tiene su origen en la *"Petición Individual de Divorcio por Ruptura Irreparable,"* presentada el 27 de mayo de 2022, por la recurrida. Mediante esta, solicitó que se declarara disuelto su matrimonio con el peticionario. Así las cosas, el 17 de marzo de 2023, el foro primario notificó una *"Sentencia"* en la que concedió el divorcio peticionado. A su vez, estableció la custodia compartida de los hijos del extinto matrimonio y fijó unas cuantías en concepto de pensión alimentaria a favor de los menores.

Tras varios trámites procesales que no son necesarios de pormenorizar, el 18 de marzo de 2025, el peticionario presentó *"Urgente Moción de Revisión de Pensión."* Indicó, que había surgido un cambio en sus circunstancias económicas como alimentante que ameritaban una modificación de la pensión alimentaria previamente fijada. El 28 de marzo de 2025, la recurrida se opuso a la solicitud del peticionario, bajo los argumentos de que éste pretende evadir su responsabilidad de padre alimentante y que no presentó evidencia para sustentar sus alegaciones.

Luego de varias incidencias procesales que no ameritan reseñarse, el 10 de junio de 2025, el foro primario refirió el asunto de modificación de pensión alimentaria ante la atención del Examinador(a) de Pensiones Alimentarias (en adelante, "Examinadora"). En lo pertinente, la Examinadora que acogió el caso, señaló una vista para el día 27 de agosto de 2025. La vista fue pospuesta para el 6 de noviembre de 2025, mediante petición de las partes y declaración de la Examinadora a esos efectos, según surge de la *"Determinación"* notificada el 26 de agosto de 2025.

Previo a la celebración de la vista reseñalada y como parte del descubrimiento de prueba, el 15 de septiembre de 2025, el peticionario presentó *"Moción en Cumplimiento de Orden y Solicitando se Emitan Órdenes."* En lo aquí atinente, solicitó al foro primario que emitiera una serie de ordenes dirigidas a aseguradoras de salud; Hospitales; Centro de Servicios Psicológicos; facturadoras; al Seguro Social; y al Centro

Penitenciario Federal, para que estos proveyeran ciertas certificaciones y datos entre los que se encuentran el número de pacientes atendidos y cantidades por servicio pagadas.

En respuesta, el 25 de septiembre de 2025, la recurrida presentó *"Enérgica Oposición a la Solicitud del Demandado para que se Expidan Ciertas Ordenes."* En esencia, argumentó que varias de las ordenes de descubrimiento peticionadas violentan el derecho a la intimidad y la Ley Health Insurance Portability and Accountability Act ("HIPAA"). Por consiguiente, solicitó que se declara *No Ha Lugar* las solicitudes de orden relacionadas a la información de nombres y facturación de pacientes.

En atención de los escritos presentados, el 6 de octubre de 2025, el foro primario notificó la *"Resolución Interlocutoria"* que hoy nos ocupa. Mediante esta, declaró *No Ha Lugar* las solicitudes de orden contenidas en el escrito intitulado *"Moción en Cumplimiento de Orden y Solicitando se Emitan Órdenes."*

En desacuerdo, el 21 de octubre de 2025, el peticionario presentó una sucinta moción de reconsideración. Al evaluar su contenido, el 22 de octubre de 2025, mediante *"Resolución Interlocutoria,"* el foro primario notificó que la moción de reconsideración no cumplía con los preceptos de la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47.

Aun en desacuerdo, el 4 de noviembre de 2025, oportunamente el peticionario recurrió ante este Tribunal de la resolución notificada el 6 de octubre de 2025. A través de un recurso de *certiorari,* el peticionario esbozó los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al denegar de plano la solicitud de reconsideración intimando que no cumple con la Regla 47 de Procedimiento Civil en violación al debido proceso de ley mediando error manifiesto en la aplicación de la norma, prejuicio, parcialidad abusando de discreción.

> Erró el Tribunal de Primera Instancia al denegar la solicitud de órdenes dirigidas a terceros en contravención a la normativa restrictiva de privilegios interpuesto por una parte sin legitimación activa para invocar el privilegio y sin establecer la existencia de éste.

En la misma fecha, el peticionario presentó ante esta Curia una *"Moción en Auxilio de Jurisdicción."* A través de esta, solicitó la paralización

de los procesos en curso ante el foro primario, incluyendo el señalamiento de vista del 6 de noviembre de 2025.

Luego de examinar el asunto ante nos, procedemos a esbozar el siguiente marco jurídico aplicable a la controversia que se nos solicita revisar.

**II.**

**A.      Recurso de Certiorari:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión postsentencia de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR _____ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad

discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil*

*Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd.* pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

El peticionario recurre de una *"Resolución Interlocutoria"* en la que se adjudica un asunto atinente al trámite ordinario del caso, particularmente relacionado al ámbito del descubrimiento de prueba.

Es conocido, que el descubrimiento de prueba es amplio y liberal. No obstante, no opera en el vacío puesto que está delimitado por dos aspectos: (1) que lo que se pretenda descubrir no sea materia privilegiada, y (2) que sea pertinente al asunto en controversia. *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 491 (2019); *E.L.A. v. Casta*, 162 DPR 1, 9 (2004). Además, es importante destacar, que en el ejercicio de su consecución los tribunales tienen amplia discreción para regular su extensión y alcance a los fines de garantizar "una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes". *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 203-204.

De igual modo, el tribunal de instancia goza de gran flexibilidad y facultad discrecional para manejar los casos ante sí. Véase, *BPPR v. SLG Gómez-López*, supra, pág. 333-334. Así pues, los foros apelativos debemos prestar gran deferencia a las determinaciones que emita el tribunal primario dirigidas a la tramitación ordinaria de sus casos. En vista de ello, debemos evitar intervenir con el curso regular de los casos que se estén ventilando ante dicho tribunal.

Habiendo establecido lo anterior y al examinar los parámetros de la Regla 40, *supra,* que guían el ejercicio de nuestra discreción,

determinamos que el presente recurso no reúne los requisitos necesarios para inclinar a este Foro a intervenir en sus méritos. El asunto presente cumple con los criterios para considerarse incluido dentro de las amplias facultades discrecionales del tribunal de instancia. Además, la *"Resolución Interlocutoria"* objeto de revisión no muestra vicio de parcialidad, prejuicio, error de derecho o abuso de discreción. Por lo tanto, denegamos la expedición del presente auto de *certiorari.* De igual modo, declaramos *No Ha Lugar* la *"Moción en Auxilio de Jurisdicción."*

**IV.**

Por los fundamentos expuestos, *denegamos expedir* el recurso de *certiorari* presentado y declaramos *No Ha Lugar* la *"Moción en Auxilio de Jurisdicción."*

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones